UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

August 23, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:  *Asta B. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
     Civil No. 23-2578-CDA

Dear Counsel:

Plaintiff seeks review of the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") decision to deny her claims for benefits. ECF 1. This case has been referred to a magistrate judge with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). The Court has reviewed the administrative record (ECF 12) and Plaintiff's Motion for Summary Judgment (ECFs 15, 20, 22). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons below, the Court will GRANT Plaintiff's Motion for Summary Judgment, REVERSE the SSA's decision, and REMAND the case to the SSA for further consideration.

## I.     PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits and supplemental security income on January 10, 2020, alleging a disability onset of December 15, 2018. Tr. 17. The claims were denied initially and on reconsideration. *Id.* After holding a hearing, an administrative law judge ("ALJ") determined that Plaintiff was not disabled during the relevant time frame. Tr. 14–43. The Appeals Council denied a request for review, Tr. 1–6, so the ALJ's decision is subject to judicial review, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.    THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). When evaluating disability claims, an ALJ determines whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

---

[1] The Court substitutes Martin O'Malley, the current Commissioner of the Social Security Administration, as Defendant. *See* Fed. R. Civ. P. 25(d).

Here, at step one, the ALJ found that there was a twelve-month period during which Plaintiff did not engage in substantial gainful activity. Tr. 20. At step two, the ALJ found that Plaintiff has severe cervical and lumbar degenerative disc disease and severe obesity. *Id.* The ALJ also determined that Plaintiff has the following non-severe impairments: chronic constipation, asthma, depression, and anxiety disorder. Tr. 20–21. At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 22. The ALJ then found that Plaintiff has the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently. The claimant can sit for 6 hours in an 8 hour workday day [sic]. The claimant can stand and walk for 6 hours in an 8 hour workday. The claimant can bilaterally, frequently, handle, finger and feel. The claimant can occasionally: climb ramps and stairs; balance; stoop; kneel; crouch; and crawl. The claimant can never: climb ropes, ladders, or scaffolds. The claimant can occasionally be exposed to moving mechanical parts and unprotected heights and vibration.

Tr. 23. At step four, the ALJ found that Plaintiff could perform her past relevant work as a child monitor. Tr. 32. At step five, the ALJ made the alternative finding that Plaintiff could perform other jobs that exist in significant numbers in the national economy. Tr. 33–35. The ALJ concluded that Plaintiff was not disabled. Tr. 35.

### III. LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The ALJ's factual findings are conclusive if supported by "substantial evidence," 42 U.S.C. § 405(g), which is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion," *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id*.

### IV. ANALYSIS

Plaintiff requests reversal and remand based on: (1) the ALJ's findings at step one; (2) the ALJ's assessment of mental limitations; (3) the allegation that 20 C.F.R. § 404.1513(b)(2) "violates [Plaintiff's] due process rights"; (4) the ALJ's alleged failure to discuss certain aspects of "adverse medical opinions"; and (5) the ALJ's alleged failure to properly assess the opinion of Dr. Oginuakinwa. ECF 15, at 13.

Defendant counters that: (1) the ALJ's alternative findings at steps one and five render any step-one error inconsequential; (2) substantial evidence supports the conclusion that Plaintiff has non-severe mental impairments; (3) the ALJ was not required to include mental limitations in the RFC assessment; (4) Plaintiff's work-product and due-process arguments have no merit; and (5) the ALJ properly evaluated the opinions of Drs. Baugh and Oginuakinwa. ECF 20, at 5–24.

*Asta B. v. O'Malley*
Civil No. 23-2578-CDA
August 23, 2024
Page 3

When assessing a claim filed on or after March 27, 2017, an ALJ must "articulate . . . how persuasive [they] find all of the medical opinions" in the record. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). Because "[t]he factors of supportability . . . and consistency . . . are the most important factors" in this analysis, an ALJ must "explain how [they] considered" those factors in their decision. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). Relevant to this case, "supportability" is "the objective medical evidence and supporting explanations presented by a medical source" to support the source's opinion. *Id.* §§ 404.1520c(c)(1), 416.920c(c)(1).

Here, Dr. Oginuakinwa opined that Plaintiff "could frequently or occasionally lift or carry 6 to 10 pounds, sit less than six hours in an eight hour day, and stand and/or walk less than two hours in an eight hour day." Tr. 32. The ALJ found the opinion unpersuasive because the limitation to sedentary exertion was "supported by the sources [sic] observation of positive straight leg raise test on a single occasion." *Id.* The ALJ's assertion is belied by a close review of the medical opinion, which contains no indication that Dr. Oginuakinwa's conclusion relied on a straight leg raise test. *See* Tr. 1625–28. Dr. Oginuakinwa noted that his conclusions were supported by, among other things, a diagnosis of lower back pain and degenerative disc disease. Tr. 1626.

Because no "reasonable mind" would accept the ALJ's justification for finding that Dr. Oginuakinwa's opinion was not well supported, the ALJ's finding on this issue lacks the support of substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A proper evaluation of Dr. Oginuakinwa's opinion may alter the disposition of Plaintiff's disability claims, so the Court must remand this matter to the SSA. The Court declines to reach the remainder of Plaintiff's arguments and expresses no view on the ultimate merits of her applications for benefits.

### V.     CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 15, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge