UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

June 10, 2025

LETTER TO ALL COUNSEL OF RECORD

Re:   *Asta B. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
      Civil No. 23-2578-CDA

Dear Counsel:

On September 10, 2024, pursuant to Local Rule 105.10, Defendant filed a Motion to Alter/Amend Judgment ("Motion") relating to the Court's August 23, 2024 Memorandum Opinion and Order (the "August 23, 2024 Decision"), which reversed and remanded the Social Security Administration's ("SSA's" or "Defendant's" or "Commissioner's") decision and closed this case. *See* ECFs 23, 24, 25. Plaintiff filed a response in opposition on September 13, 2024. *See* ECFs 26, 27. Defendant filed a reply brief on December 18, 2024. ECF 28. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons explained below, the Court will DENY Defendant's Motion to Alter/Amend Judgment.

The Court's review of an ALJ's decision is limited to determining whether substantial evidence supports the ALJ's findings, *see* 42 U.S.C. § 405(g), and whether the ALJ properly applied the relevant legal standards, *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). When deciding whether to alter or amend, under Local Rule 105.10, the Court uses the standard relevant to motions for reconsideration brought under Federal Rule of Civil Procedure 59(e). *See Crocetti v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018). Under Rule 59(e), the Court may amend a prior decision if: (1) there has been an intervening change of controlling law; (2) new evidence has become available; or (3) "there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to ask the Court to rethink what the Court had already thought through—rightly or wrongly." *Crocetti*, 2018 WL 3973074, at *1 (internal citation omitted). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (collecting cases). The first two criteria are inapplicable here, and

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on September 22, 2023. ECF 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

*Asta B. v. Bisignano*
Civil No. 23-2578-CDA
June 10, 2025
Page 2

Defendant fails to satisfy the third criteria.

      Defendant requests that the Court alter or amend its August 23, 2024 Decision because "[t]here [w]as a [c]lear [e]rror in the [r]emand." ECF 25-1, at 2. Specifically, Defendant contends that the August 23, 2024 Decision "overlook[ed] parts of the ALJ's explanation[,]" when it determined that "no reasonable mind would accept the ALJ's justification for finding that Dr. Oginuakinwa's opinion was not well supported[.]" *Id.* (internal quotation marks and internal citations omitted). The Court's August 23, 2024 Decision noted that the ALJ found Dr. Oginuakinwa's "opinion unpersuasive because the limitation to sedentary exertion was 'supported by the sources [sic] observation of positive straight leg raise test on a single occasion.'" ECF 23, at 3 (citing Tr. 32). In doing so, the undersigned found that the "ALJ's assertion is belied by a close review of the medical opinion, which contains no indication that Dr. Oginuakinwa's conclusion relied on a straight leg raise test[,]" observing that Dr. Oginuakinwa instead "noted that his conclusions were supported by, among other things, a diagnosis of lower back pain and degenerative disc disease." ECF 23, at 3 (citing Tr. 1625-28). Defendant insists the ALJ acknowledged that Dr. Oginuakinwa "attributed [Plaintiff's symptom's] to low back pain and degenerative disc disease." ECF 25-1, at 2 (citing Tr. 32, 1636). Plaintiff counters that "the ALJ did not assess whether Dr. Oginuakinwa's opinion proved supported by the objective evidence," and asserts that "the ALJ inaccurately assessed the record as 'supported' by only one positive straight leg raise," when a positive leg raise had been documented on two separate occasions. ECF 27-1, at 2 (citing Tr. 1700, 2111).

      The Court finds no clear error here in its prior ruling. That determination looked to, *inter alia*, the distinction between consistency and supportability. While the Defendant advances meritorious arguments concerning the former, those do not cure the flaws in the latter. The ALJ found Dr. Oginuakinwa's opinion, limiting Plaintiff to sedentary exertion, "supported by the sources [sic] observation of positive straight leg raise test on a single occasion[,]" but inconsistent with the other objective evidence in the record. Tr. 32. Ultimately, the ALJ found Dr. Oginuakinwa's opinion unpersuasive. Tr. 32. Although Defendant is correct that the ALJ found Dr. Oginuakinwa's opinion "not consistent with other evidence of the benefit that was being achieved with injection therapy and benign medications for pain management while managing [Plaintiff's] daily activities independently[,]" the ALJ's consistency analysis does not overcome their inadequate supportability analysis. *See* Tr. 32; ECF 25-1, at 2-3. "Strictly speaking, 'supportability' concerns an opinion's reference to diagnostic techniques, data collection procedures/analysis, and other objective medical evidence." *Reusel v. Comm'r of Soc. Sec.*, No. 20-1291, 2021 WL 1697919, at *7 n.6 (N.D. Ohio Apr. 29, 2021) (citations omitted); *see also Mary W. v. Comm'r of Soc. Sec.*, No. 20-5523, 2022 WL 202764, at *10 (S.D. Ohio Jan. 24, 2022) ("For the ALJ to have adequately discussed the supportability of . . . opinions, the ALJ needed to evaluate what the [physicians] said they based their opinions on—not simply how their opinions compared to the record evidence as a whole, which only goes to . . . consistency[.]"), *report and recommendation adopted sub nom., Wiseman v. Comm'r of Soc. Sec.*, No. 20-5523, 2022 WL 394627 (S.D. Ohio Feb. 9, 2022). The ALJ must assess the relevance of "the objective medical evidence and supporting explanations presented by a medical source" to the ultimate finding advanced by that medical expert. 20 C.F.R. § 404.1520c(c)(1).

Defendant asserts that the ALJ, in their supportability analysis, "reviewed Dr. Oginuakinwa's treatment notes for objective evidence supporting this opinion and noted that there was some with a positive straight leg raise test." ECF 25-1, at 2 (citing Tr. 32). The Court finds this argument unconvincing. The ALJ, in finding Dr. Oginuakinwa's opinion "supported by the sources observation of positive straight leg raise test on a single occasion," suggests that Dr. Oginuakinwa based his opinion on a single straight leg raise test. *See* Tr. 32. However, as explained in the August 23, 2024 Decision, Dr. Oginuakinwa's opinion does not indicate that he based his opinion on objective evidence of a straight leg raise test, ECF 23, at 3 (citing Tr. 1625-28), instead Dr. Oginuakinwa's opinion states he based his opinion on Plaintiff's lower back pain and degenerative disc disease, *see* Tr. 1626.[2]

Although the August 23, 2024 Decision misidentified that the ALJ found Dr. Oginuakinwa's opinion "not well supported," ECF 23, at 3, the Court's overall conclusion remains the same: the ALJ's supportability analysis was inadequate, warranting remand. Contrary to Defendant's assertion otherwise, the Court cannot ignore the ALJ's inadequate supportability analysis and rely on the consistency analysis; to do so "would conflate the nuances of those factors." *Duane H. v. Kijakazi*, No. JMC-20-3673, 2021 WL 8314949, at *3 (D. Md. Dec. 29, 2021). Because the ALJ's supportability analysis was not properly evaluated, the ALJ's evaluation of Dr. Oginuakinwa's opinion amounts to error. *See Carlos F. v. Kijakazi*, No. BAH-22-2049, 2023 WL 3293086, at *4 (D. Md. May 5, 2023) (noting that remand is required where an ALJ fails to assess the supportability of an opinion which, if "properly evaluated," may have altered the ALJ's disability determination).

The ALJ's failure to properly assess Dr. Oginuakinwa's opinion was not without consequence. For example, Dr. Oginuakinwa opined that Plaintiff was limited to a sedentary exertional level. *See* Tr. 32. Had the ALJ appropriately considered the supportability of Dr. Oginuakinwa's opinion, they may have come to a different determination of the weight that opinion should be given. This revised weight could have, in turn, altered Plaintiff's RFC, and potentially impacted the determination of whether Plaintiff is disabled. Accordingly, remand is necessary so that the ALJ can provide an analysis of Dr. Oginuakinwa's opinion that fully comports with 20 C.F.R. § 404.1520c.

At bottom, Defendant asks the Court to "re-think what the Court already thought through— rightly or wrongly," which is an improper basis for reconsideration. *Crocetti*, 2018 WL 3973074, at *1 (internal quotation marks and citation omitted). As such, the Motion fails to establish that

---

[2] Plaintiff asserts that "[a]t a minimum, the ALJ inaccurately assessed the record as 'supported' by only one positive straight leg raise, when, in fact, the Toseg clinic documented bilateral positive leg raises on two separate occasions." ECF 27-1, at 2 (citing Tr. 1700, 2111). The Court finds this argument persuasive. SSA regulations require the ALJ to "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." Social Security Ruling 96-8p, 1996 WL 374184, at *7 (July 2, 1996); *see Mallett v. Berryhill*, No. D-18-0241, 2019 WL 2932776, at *4 (E.D.N.C. June 17, 2019) (citation omitted) ("An ALJ's opinion that is internally inconsistent frustrates meaningful review and requires remand.").

*Asta B. v. Bisignano*
Civil No. 23-2578-CDA
June 10, 2025
Page 4

reconsideration is necessary here to "correct a clear error or to prevent manifest injustice." *Robinson*, 599 F.3d at 411.

    For the foregoing reasons, Defendant's Motion to Alter/Amend Judgment, ECF 25, is DENIED. Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge